NEBRASKA TELEPHONE COMPANY, APPELLANT, V. CITY OF
LINCOLN, APPELLEE.*

FILED MAY 7, 1909. No. 15,586.

OPINION on motion for rehearing. *Rehearing denied.*

PER CURIAM.

On the argument of the motion for a rehearing two propositions were vigorously discussed: First, that the occupation tax, which the plaintiff asks us to declare void, is double taxation; second, that the tax is void for want of uniformity.

Considering the first proposition, we are unable to say that the ordinance results in double taxation. It is claimed that it has that effect because, in assessing the property of telephone companies for the purpose of general state and municipal taxation, the value of the property of each company is fixed by taking into consideration its tangible property, such as poles, wires, instruments, office fixtures, etc., and the value of its franchise or intangible property, and in determining that value the gross receipts of the company may be taken into consideration. The evidence in this case does not clearly and conclusively show that the plaintiff's gross receipts were taxed as such for the purposes above mentioned, but rather that, in fixing the value of the plaintiff's franchise, its gross receipts were merely taken into consideration. It is probable that to some extent a consideration of this item may result in double taxation, but we must remember that as yet no system of raising revenue has been devised which will entirely eliminate the matter of double taxation, and in this instance such taxation does not necessarily follow the enforcement of the law. Therefore this contention cannot be sustained.

On the question of lack of uniformity, which is required

* Reported in 82 Neb. 59.

by our constitution, it would seem at first blush that plaintiff's objection is well founded; but a careful examination of existing conditions does not bear out that inference. It appears that, when the plaintiff applied to the city of Lincoln to obtain its franchise or charter, an ordinance was passed granting it the privilege sought, without exacting any payment on the part of plaintiff therefor. At a later period, when plaintiff applied for the privilege of laying its wires underground, it was agreed between plaintiff and the city that it should pay to the city the sum of $500 a year for that privilege. It further appears that, when its rival, which for convenience we will call the Lincoln Telephone Company, made application for its charter, the city had become aware of the fact that it had something valuable to sell, and therefore it required, first, that that company should pay yearly to the city $500 for its franchise, and in addition thereto 1 per cent. each year of its gross receipts for the first 5 years of its existence, 2 per cent. for the second 5 years, and after that, for the remaining period of 40 years, it should pay to the city 3 per cent. of its gross receipts. Matters stood in that condition until the ordinance in question was passed, which provides that all telephone companies doing business in the city of Lincoln shall pay an occupation tax to the city each year, amounting to 2 per cent. of their gross receipts. If matters had been left in that condition, it is plain to be seen that the Lincoln Telephone Company would have been required to pay to the city, by way of taxation, a much larger sum proportionately to its business transacted than would the plaintiff company. Therefore, instead of repealing so much of the former ordinance as provided for the payment to the city of 1, 2 and 3 per cent. of the gross receipts of the Lincoln Telephone Company, it was provided by the ordinance complained of that any sum required to be paid by way of taxation, based upon gross receipts, by any company under existing ordinances might be deducted from the amount of the occupation tax in

question. This provision has been construed by the city to operate as a repeal of so much of the former ordinance as required the Lincoln Telephone Company to pay 1, 2 and 3 per cent. of its gross receipts, and so both of said telephone companies, which are the only ones doing business in the city, are placed on an equal footing. As the ordinance is interpreted by the taxing authorities, each company now pays to the city $500 a year for its franchise or right to do business, and each company pays as an occupation tax 2 per cent. of its gross yearly receipts; so that the ordinance complained of, as thus interpreted, results, as a matter of fact, in a uniformity of the occupation tax. While the inhabitants of the city may be thus afforded a cause of complaint, we fail to see any discrimination against the plaintiff herein.

For the foregoing reasons, we are of opinion that the motion for rehearing should be overruled, and it is so ordered.

REHEARING DENIED.